**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**Karen M. Weinhold, et al.**

    v.

**The Phoenix Insurance Company, et al.**

Case No. 18-cv-383-PB
Opinion No. 2018 DNH 206

**MEMORANDUM AND ORDER**

This declaratory judgment action stems from a refusal by The Phoenix Insurance Company, Travelers Property Casualty Company of America, and The Travelers Indemnity Company (collectively, "Travelers") to indemnify the State of New Hampshire ("State") under two commercial liability insurance policies. Travelers removed the case to federal court but now argues in a motion to dismiss that this court lacks subject matter jurisdiction because the plaintiffs' claim for coverage is not ripe. For the reasons set forth below, I deny the motion.

I.    **BACKGROUND**

A.    **Underlying Action**

In October 2014, Karen and Charles Weinhold filed a lawsuit in New Hampshire Superior Court against the State, Audley Construction, Inc. ("Audley"), and Remi Gross-Santos for the injuries they suffered when Gross-Santos struck Mrs. Weinhold with his car. At the time of the accident, Mrs. Weinhold was walking on an unprotected shoulder on the west side of Ocean

Boulevard in Hampton, New Hampshire. Audley, a contractor hired by the State to repair the seawall that runs along Ocean Boulevard, had closed the protected sidewalk on the east side of the boulevard, diverting Mrs. Weinhold and other pedestrians to the unprotected shoulder on the west side.

The case was tried before a jury in January 2018. The Weinholds offered evidence at trial showing both that Audley was negligent in choosing to divert the public onto the unprotected west-side shoulder where Mrs. Weinhold was injured and that the State had approved Audley's plan. The jury awarded the Weinholds $9 million in damages and apportioned liability among the three defendants, finding the State 40% at fault and Audley and Gross-Santos each 30% at fault. The State's share of the verdict thus totaled $3.6 million, exclusive of interest.

After the trial court denied the State's post-trial motions challenging the validity of the verdict and the State decided not to appeal, it sought a ruling that the verdict against it is subject to a statutory cap that limits the State's tort liability to the greater of $475,000 or the amount of available insurance coverage. See N.H. Rev. Stat. Ann. § 541-B:14, I. The Weinholds did not dispute the applicability of the statutory cap. Instead, they argued that the cap did not limit their right to recover against the State because the State was covered as an additional insured on several insurance policies purchased from Travelers by Audley. Because Travelers denied that the

State was covered under two of the three policies, the Weinholds informed the state court that they intended to file a declaratory judgment action to resolve the coverage dispute and asked the court to stay any action on the State's motion. The court agreed that "a declaratory judgment action is the best means of resolving this issue" and granted the request for a stay. Doc. No. 20-6 at 2 n.2.

The Weinholds and the State jointly filed this declaratory judgment action in New Hampshire Superior Court, seeking a determination that Travelers is obliged to indemnify the State for its portion of the jury verdict. Travelers responded by removing the action to federal court based on diversity of citizenship.[1]

Following removal, the court in the underlying action was asked to decide the Weinholds' motion for prejudgment interest. By order dated June 15, 2018, the state court determined that the dispute concerning the extent of insurance coverage available to the State precluded a calculation of prejudgment interest. The court reasoned that Section 541-B of the New Hampshire Revised Statutes limits the State's liability for prejudgment interest to "any award authorized under this

---

[1] I have asked the parties to brief the issue as to whether the court has diversity of citizenship jurisdiction over the case given the fact that the State is a party to the case, and I will address that issue in a separate order after the briefing is complete.

chapter." Doc. No. 16-3 at 4 (quoting N.H. Rev. Stat. Ann. § 541-B:14, III). Because the amount "authorized under" the statute is dependent on the amount of available insurance coverage, the court concluded that it could not calculate the prejudgment interest award. Id. (citing N.H. Rev. Stat. Ann. § 541-B:14, I). Accordingly, the court stayed the Weinholds' request for prejudgment interest on the 40% of damages attributable to the State "pending resolution of the relevant declaratory judgment action." Id. at 5.

**B.  Insurance Policies**

Audley's contract with the State for the seawall repair project required Audley to secure various types of insurance coverage, including owner's protective liability coverage for the benefit of the State, a commercial general liability policy that names the State as an additional insured, and a commercial umbrella policy. Audley procured three different policies from Travelers: an owner's protective liability policy with $2 million in coverage per occurrence and $3 million in aggregate ("Owner's Policy"), a commercial general liability policy with $1 million in coverage per occurrence and $2 million in aggregate ("CGL Policy"), and a commercial excess liability policy with $10 million in coverage ("Umbrella Policy"). A certificate of liability insurance that Audley submitted to the State recorded the three policies and noted that the State "is included as an additional insured under general liability

coverage for ongoing operations when required by written contract."

After the jury verdict in the underlying action, Travelers took the position that the CGL Policy and the Umbrella Policy do not cover the State's liability.[2] Travelers pointed to an endorsement to the CGL Policy that it claims limits the State's coverage to vicarious liability arising out of Audley's actions.[3] According to Travelers, the State's liability is not vicarious but is instead based on the State's independent breach of a duty to the Weinholds that is unrelated to Audley's actions. Because coverage under the Umbrella Policy is subject to the limitations

---

[2] Travelers agreed that the State is covered under the Owner's Policy. Travelers previously paid $150,000 from that policy to settle claims against the State brought by another individual injured at the same time as Mrs. Weinhold, leaving $1,850,000 of the policy limit available to satisfy the State's liability to the Weinholds.

[3] The endorsement, titled "BLANKET ADDITIONAL INSURED (CONTRACTORS)" states:

> WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part . . . [i]f, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

Doc. No. 2-4 at 16.

contained in the underlying CGL Policy, Travelers determined that no coverage is available to the State under either policy.

In this lawsuit, the Weinholds and the State seek a determination that the CGL Policy and the Umbrella Policy cover the State's liability.  They maintain that the policy endorsement at issue is not applicable to the State, and even if it were, that the endorsement's conditions have been satisfied because the State's liability arises from Audley's acts or omissions.

## II.  STANDARD OF REVIEW

When subject matter jurisdiction is challenged under Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted).  Thus, if a plaintiff sues in federal court, the burden to establish jurisdiction is on the plaintiff. See id.  When the plaintiff instead files suit in state court and the defendant removes the action to federal court, the onus shifts to the defendant to demonstrate that federal jurisdiction exists. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  If federal jurisdiction is challenged after removal is accomplished, however, the burden is assigned to the party asserting jurisdiction at that time.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (holding that

plaintiffs had to establish Article III standing that was challenged after removal was effected because "the party asserting federal jurisdiction when it is challenged has the burden of establishing it" irrespective of the parties' prior positions on federal jurisdiction); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 289 (1st Cir. 2013) ("Once removal has been affected, the burden of going forward with the claim in federal court (including the burden of establishing standing) still rests with the plaintiff.").

When Travelers removed this case to federal court, the Weinholds and the State did not challenge the propriety of removal. Travelers is now challenging subject matter jurisdiction, and the plaintiffs assert that it exists. Accordingly, it is incumbent on the Weinholds and the State to demonstrate that the court has jurisdiction over their claims.

In determining whether the plaintiffs have met their burden, I must "take as true all well-pleaded facts in the plaintiffs' complaint[], scrutinize them in the light most hospitable to the plaintiffs' theory of liability, and draw all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). I may also consider extrinsic evidence, such as exhibits and affidavits, without converting the motion to dismiss into one for summary judgment. See, e.g., Carroll v. United States, 661

F.3d 87, 94 (1st Cir. 2011); Pitroff v. United States, No. 16-CV-522-PB, 2017 WL 3614436, at *3 (D.N.H. Aug. 22, 2017).

### III. ANALYSIS

Travelers argues that the case should be dismissed for lack of subject matter jurisdiction because the plaintiffs' claim for insurance coverage is not ripe for review. I disagree.

The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements" in violation of Article III's "case or controversy" requirement. Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). The core question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). In accordance with these principles, the plaintiffs must allege facts sufficient to show that the issues raised are (1) "fit" for judicial review and (2) that they will suffer hardship if review is denied. Reddy v. Foster, 845 F.3d 493, 501 (1st Cir. 2017).

The fitness element concerns "whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 536 (1st Cir. 1995)(internal quotation marks omitted). This analysis typically entails consideration of "finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." Id. at 535. The hardship element looks at "whether the challenged action creates a direct and immediate dilemma for the parties." Sindicato Puertorriqueño de Trabajadores v. Fortuno, 699 F.3d 1, 9 (1st Cir. 2012) (internal quotation marks omitted). "In general, the greater the hardship, the more apt a court will be to find ripeness." Ernst & Young, 45 F.3d at 536. I conclude that both elements are established here.

This case easily satisfies the first component of the ripeness test because there are no uncertain or contingent events that may impact a determination of the State's available insurance coverage. The State's liability in the underlying action has been established with finality. The jury returned a verdict finding the State 40% at fault for the Weinholds' injuries, and the State has foresworn any intention to challenge that verdict on appeal. With the issue of liability resolved and the total amount of recoverable damages determined, the coverage dispute is not contingent on any facts that remain to

9

be developed in the underlying action.  Cf. Pustell v. Lynn Pub. Sch., 18 F.3d 50, 52 (1st Cir. 1994) (finding claim "fit" for review where "[n]o further factual development is necessary for [the court] to resolve" it).  Simply put, whether Travelers must indemnify the State on the verdict that has been rendered is a real and concrete issue.

The fact that judgment has not been entered (and as discussed below, cannot be entered until the coverage dispute is resolved) does not make this lawsuit premature.  The cases cited by Travelers for the proposition that judgment must be entered in the underlying case before its duty to indemnify the State becomes ripe for review are inapposite.  They stand only for the proposition that an indemnification claim may be unripe before the insured's liability has been established in the underlying case.[4]  Unlike in those cases, where the insured may avoid

---

[4]   See Travelers Inc. Co. v. Waltham Indus. Labs. Corp., 883 F.2d 1092, 1099 (1st Cir. 1989) (noting that "the duty to indemnify is determined by the facts, which are usually established at trial"); Am. Safety Indemnity Co. v. T.H. Taylor, Inc., 513 F. App'x 807, 810 & n.4 (11th Cir. 2013) (holding indemnity claim premature when raised after complaint was filed in arbitration action, before any adjudication of insured's claims); Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (11th Cir. 2003) (declining to rule on indemnity obligation when liability in underlying trial was not yet established); Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc., 152 F. Supp. 3d 15, 19-20 (D. Mass. 2015) (dismissing claims seeking determination of insurer's duty to indemnify where "the underlying action has not determined liability or adjudicated factual disputes"); Am. Cas. Co. of Reading, Pa. v. Allen, No. 2:12-cv-2414-TMP, 2014 WL 10450887, at *2 (N.D. Ala. Dec. 29, 2014) (declining to determine insurer's indemnity obligation where liability had not yet been established in

liability altogether and thus no duty to indemnify would arise, here there is no question that liability has already been determined. The State is liable, and a court must determine the extent of the State's insurance coverage in order to determine the damages that may be recovered from the State based on that liability.

Travelers' argument that the State's liability remains uncertain because the Weinholds have reserved the right to file an appeal in the underlying action is also unavailing. The question in that appeal would be whether a retrial is necessary

---

underlying case), R. & R. adopted as modified, No. 2:12-CV-2414-SLB, 2015 WL 5693598 (N.D. Ala. Sept. 29, 2015); Cincinnati Ins. Co. v. Jianas Bros. Packaging Co., No. 10-00218-CV-W-GAF, 2010 WL 2710732, at *2 (W.D. Mo. July 7, 2010) (finding declaratory judgment action not ripe because potential liability resulting from product recall was "highly speculative" where no underlying suit was filed and no monies were paid to third parties); Selective Ins. Co. of S.C. v. City of Paris, 07-CV-2224, 2010 WL 11553255, at *2 (C.D. Ill. May 27, 2010) ("As no liability has yet been assigned to Defendants, it is premature to say that Western World has a duty to indemnify Defendants."); Country Mut. Ins. Co. v. Larson, No. 08-6154-TC, 2010 WL 1039790, at *5 (D. Or. Feb. 26, 2010) (declining to determine insurer's indemnity obligation where complaint in underlying action failed to set forth facts that would invoke coverage and trial was imminent); Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. MI Windows & Doors, Inc., No. SA-06-CA-78-FB, 2008 WL 11417130, at *5 (W.D. Tex. May 16, 2008) (finding case not justiciable where underlying products liability cases were pending and insured made judicial admission that insurer had no duty to indemnify), R. & R. adopted, No. SA-06-CA-0078-FB, 2008 WL 11417131 (W.D. Tex. June 12, 2008); Shapiro Sales Co. v. Alcoa Inc., No. 4:06CV638 CDP, 2006 WL 2228987, at *3 (E.D. Mo. Aug. 3, 2006) (finding indemnification claim premature where underlying litigation was pending); Newell-Blais Post No. 443, Veterans of Foreign Wars of U.S., Inc. v. Shelby Mut. Ins. Co., 487 N.E.2d 1371, 1374 (Mass. 1986) ("The issue of indemnification must await the completion of trial.").

on the narrow question of whether the State can be held jointly liable with Audley for their collective share of negligence assigned by the jury. The Weinholds maintain that the state court erred in rejecting their argument that Audley and the State could be jointly liable either under the common-law doctrine of vicarious liability as joint venturers or because they knowingly engaged in "a common plan or design resulting in the harm." See N.H. Rev. Stat. Ann. § 507:7-e, I(c). The Weinholds first raised the issue in a motion to amend their complaint to include a joint liability claim. The state court denied the motion in a pretrial order on the basis that the proposed amendment would be futile because it failed to state a claim for which relief may be granted.[5] At trial, the court also refused to instruct the jury that it could find Audley and the State jointly liable based on the same two theories. Because the jury found Audley and the State each less than 50 percent at fault, their liability became several, meaning that the Weinholds may recover from each defendant only that defendant's

---

[5] The court reasoned that the allegations that Audley and the State were involved in the creation of the same dangerous pedestrian detour fell short of stating "a common plan or design" because there was no allegation "that Audley and the State agreed to take concerted actions to accomplish an unlawful purpose, or to accomplish some [lawful] purpose . . . by unlawful means." Doc. No. 27 at 10-11 (internal quotation marks omitted). In rejecting the theory of vicarious liability, the court concluded that there were insufficient allegations of a special relationship between Audley and the State to overcome the general rule that the State is not liable for actions of its independent contractors such as Audley. Id. at 13.

allocated share of damages.  See N.H. Rev. Stat. Ann. § 507:7-e, I(b).

A potential appeal on the issue of joint liability would have no impact on the three issues that the jury already determined: (1) the existence of liability, (2) the amount of damages, and (3) the apportionment of fault among the defendants.  The only question would be whether Audley's and the State's several liability should become joint.[6]  The answer to that question would not change the fact that the State has been found 40% at fault for the Weinholds' injuries in the underlying action.  Nor would it provide Travelers with any additional argument to avoid any coverage obligations it might owe to the State.  Instead, at most, a finding of joint liability would allow the plaintiffs to present additional arguments to support their indemnification claims.

The prospect of this alternative avenue for obtaining coverage does not render this court's resolution of the instant

---

[6]  Travelers cites no authority for its position that the appeal could lead to a new trial on all issues.  On the contrary, it is well settled under New Hampshire law that "a retrial for the correction of errors should be limited to the part of the case which might have been affected if the issues as to which no error occurred can be separated therefrom." Lampesis v. Comolli, 102 N.H. 306, 308 (1959); see also Wallace v. Lakes Region Constr. Co., 124 N.H. 712, 718-19 (1984) (remanding for a new trial on the issue of damages only); Coos Lumber Co. v. Builders Lumber & Supply Corp., 104 N.H. 404, 408 (1963) (same).  Whether Audley and the State should be jointly liable is plainly severable from the issues the jury already decided.  Thus, it would make little sense to waste the parties' and judicial resources to retry the whole case.

dispute advisory.  The fact that the Weinholds may have some other means to recover the State's share of their damages from the policies does not mean that Travelers' current indemnity obligations to the State cannot be determined with finality at this time.  Whether the State is entitled to coverage as an additional insured when its liability is several and not joint is a concrete question that does not depend on the outcome of the Weinholds' appeal.

In effect, Travelers argues that this case is not ripe because the Weinholds might be able to obtain coverage under an alternate theory if, at some unspecified point in the future, they are able to obtain a verdict holding that the State is jointly liable with Audley for their collective percentage of negligence.  In other words, Travelers asserts this case is not ripe because the current controversy could become moot.  But the mere prospect of such an event is not enough to render this case unfit for review.  See [KG Urban Enters., LLC v. Patrick, 693 F.3d 1, 16 (1st Cir. 2012)](#) ("The fact that the case could be rendered moot . . . does not render the case unripe.").  Because the State's liability has been decided with finality in the underlying action, the extent of the State's insurance coverage is fit for judicial review.

Hardship, the second component of the ripeness analysis, is also readily satisfied in this case because the underlying action cannot be resolved until the State's right to

14

indemnification is determined.  The Weinholds cannot recover anything from the State until a judgment is entered in the underlying case specifying the damages that the State is obligated to pay.  Because the State's liability is capped by Section 541-B:14 at the greater of $475,000 or the amount of the State's available insurance coverage, the damages the Weinholds can recover from the State cannot be fixed and judgment cannot be entered until the current declaratory judgment action is resolved.  See N.H. Superior Ct. R. Civ. 46(d) (resolution of all post-trial motions is a prerequisite to the entry of judgment); 5 G. MacDonald, Wiebusch on New Hampshire Civil Practice and Procedure § 54.13[2] (2014) (describing a motion to reduce damages to conform to statutory limits as a post-trial motion).

Requiring the plaintiffs to obtain a judgment in the underlying case before proceeding with an insurance coverage action when that judgment requires a determination of the available coverage before it can be entered plainly would present "a direct and immediate dilemma for the parties" that is sufficient to satisfy the hardship component of the ripeness test.  See Fortuno, 699 F.3d at 9 (internal quotation marks omitted); cf. Roman Catholic Bishop of Springfield, 724 F.3d at 92 (citing "delay, uncertainty, and expense" as a basis for hardship sufficient to render claim ripe).  Accordingly, this insurance coverage dispute is ripe for judicial review.

15

## IV. CONCLUSION

By removing this case to federal court, Travelers created a "Catch 22" situation. Travelers argues that I have no jurisdiction to decide the insurance dispute until there is a judgment and the appeals period has run in the underlying action, but the judgment below cannot be entered until the amount of insurance is determined. For the foregoing reasons, I disagree that the case is not ripe for review and deny the motion to dismiss (Doc. No. 16).

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

October 18, 2018

cc: John P. Graceffa, Esq.
    Brian A. Suslak, Esq.
    Scott H. Harris, Esq.
    Ashley B. Campbell, Esq.
    Mary Elizabeth Tenn, Esq.
    Vincent A. Wenners, Jr., Esq.
    Dianne H. Martin, Esq.